UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GUADALUPE BETANCOURT,

    Plaintiff,

v.                                           Case No. 1:11-CV-977

NRPV INC. and NAVIN PATEL,                 HON. GORDON J. QUIST

    Defendants.
_____/

# OPINION

### Background

Plaintiff filed her Complaint in this case on September 14, 2011, against P&V S8 Company, LLC. On November 7, 2011, Plaintiff filed an Amended Complaint substituting NRPV Inc. for P&V S8 Company, LLC as the defendant. On November 21, 2011, the Court entered an Order to Show Cause why the case should not be dismissed for lack of prosecution. The following day, November 22, 2011, Plaintiff responded to the Order to Show Cause, stating that her delay in prosecuting the case was due to confusion over the proper defendant. (Dkt. # 8, ¶ 3.) Plaintiff also explained that attorney David Geocaris had accepted service on behalf of NRPV Inc. and that Plaintiff would be filing an affidavit of service. (*Id.* ¶¶ 7, 9.) Plaintiff filed an affidavit of service the same day. (Dkt. # 9.) On December 1, 2011, Plaintiff filed a Second Amended Complaint, which added Navin Patel as a defendant, and an affidavit of service stating that attorney David Geocaris had accepted service on behalf of Navin Patel on December 1, 2011. (Dkt. ## 13 and 14.) On March 16, 2012, the Clerk entered defaults against NRPV Inc. and Navin Patel. Plaintiff has now filed a motion for entry of a default judgment against NRPV Inc. and Navin Patel.

*Standard*

Because Navin Patel is an individual, the Servicemembers Civil Relief Act (SCRA) requires an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. App. § 521. "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." *Apex Mar. Co. v. Furniture, Inc.*, No. 11-cv-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012); *see also Merrill v. Beard*, No. 5:05CV768, 2007 WL 461469, at *3 (N.D. Ohio Feb. 7, 2001) ("The affidavit is a prerequisite before default judgment may be awarded."). Plaintiff has failed to comply with the SCRA by filing the required non-military affidavit for Defendant Patel. For this reason, the Court will deny Plaintiff's motion with regard to Defendant Patel.

Defendant NRPV Inc. is a corporation and therefore is not a minor, an incompetent person, or a current member of the military service. *See* Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521; *Bd. of Trs. of the Sign Pictorial & Display v. Preferred Exhibitor Serv.*, No. C-04-2826 MJJ, 2005 WL 43958, at *1 (N.D. Cal. Jan. 10, 2005) ("As a corporation, Defendant is not a unrepresented minor, an incompetent person, or a person in military service."). It is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993). Therefore, by its default, NRPV Inc. has admitted all facts to establish its liability, and Plaintiff is entitled to a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

*Relief*

In her Second Amended Complaint, Plaintiff seeks injunctive relief to enforce the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and the Michigan Persons with Disabilities

Civil Rights Act (PDCRA), M.C.L. §§ 37.1101 *et seq.* In particular, Plaintiff requests that NRPV Inc., which owns the property operated as America's Best Value Inn (Property) located at 680 East 24th Street, Holland, Michigan, be ordered to remove or remedy the architectural barriers identified in the Second Amended Complaint, which prevent or hinder Plaintiff from accessing or using the Property.

In the instant motion, Plaintiff requests injunctive relief, an award of attorney fees, and an award of the expert witness fees she has incurred. Although Plaintiff requested an award of damages in her Complaint, she does not request damages in her motion, likely because damages are not available under Title III of the ADA.[1] *See Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999) (noting that "the enforcement statute[,] 42 U.S.C. § 12188, . . . incorporates the remedies of 42 U.S.C. § 2000a-3(a), and that section does not include money damages"). A court may award injunctive relief requiring compliance with the ADA and the Americans with Disabilities Act Accessibility Guidelines (ADAAG) by entering a default judgment. *See Johnson v. Purser*, No. 2:09-cv-03098 JAM DAD, 2012 WL 2401568, at *3 (E.D. Cal. June 25, 2012) (granting the plaintiff's motion for default judgment and awarding injunctive relief under Title III of the ADA); *Loskot v. D & K Spirits, LLC*, No. 2:10-cv-684 WBS DAD, 2011 WL 567364, at *3 (E.D. Cal. Feb. 15, 2011) (same).

The Court concludes that Plaintiff is entitled to the requested injunctive relief against Defendant NRPV Inc., pursuant to 42 U.S.C. § 12188. In support of her motion, Plaintiff has attached an expert report by A.D.A. Compliance Team, Inc., which identifies the specific architectural barriers in violation of the ADA and the ADAAG. Accordingly, the Court will order injunctive relief consistent with that report.

---

[1] Damages are available under the PDCRA, *see Kiely v. Heartland Rehab. Servs., Inc.*, 360 F. Supp. 2d 851, 856–58 (E.D. Mich. 2005), but Plaintiff does not request any relief pursuant to the PDCRA, nor does she present any evidentiary support for such an award.

Plaintiff is also entitled to an award of attorney fees as a prevailing party under the ADA. 42 U.S.C. § 12205. "The proper procedure for determining a reasonable attorneys' fee is to arrive at a lodestar figure by multiplying the hours plaintiff's counsel spent on the litigation by a reasonable hourly rate." *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). "'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). The starting point in the analysis is the "lodestar figure," which is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Wayne v. Vill. of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)). Wasteful or duplicative hours should be excluded from the total number of reasonable hours. *See D'Orazio v. Washington Twp.*, No. 07-5097-JEI-KMW, 2011 WL 6715635, at *7 (D. N.J. Oct. 18, 2011).

The Court first considers the issue of a reasonable hourly rate. With regard to the hourly rate, the Supreme Court has held that the rates to be used in calculating the lodestar are those rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 & n.11, 104 S. Ct. 1541, 1547 & n.11 (1984). The reasonable hourly rate in the community may be established through proof of rates charged in the community under similar circumstances as well as opinion evidence of reasonable rates. *See United States ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-CV-93-ORL-19DABC, 2007 WL 1601747, at *3 (M.D. Fla. June 1, 2007). Other relevant sources include the attorney's actual billing rate and fee awards from prior cases. *See Payton v. New Century Mortgage Corp.*, Nos. 03 C 333, 03 C 703, 2004 WL 524693, at *2 (N.D. Ill. Mar. 11,

4

2004). Finally, a court may determine a reasonable rate based upon its own expertise and judgment. *See Educ. Career Dev., Inc.*, 2007 WL 1601747, at *6.

Plaintiff seeks an award based on an hourly rate of $425 for her counsel, Pete Monismith, and an hourly rate of $115 for paralegal services. Plaintiff notes that "the fee customarily charged and awarded by courts in civil rights cases is $350 to $430 per hour," (Pl.'s Br. Supp. Mot. at 11), but Plaintiff fails to cite any evidence as to the prevailing rate in this community, or district, for such work. One source of such information is the State Bar of Michigan's 2010 "Economics of Law Practice Survey," which was released in early 2011.[2] The State Bar of Michigan survey lists the median hourly rates of lawyers by size of firm, years of practice, area of practice, legal classification (i.e., sole practitioner, equity partner, senior associate, etc.), and office location. Because Mr. Monismith is a sole practitioner who practices civil rights law, the Court finds pertinent to the instant fee request hourly rates for sole practitioners practicing civil rights law in the Grand Rapids area. For sole practitioners practicing outside of the home, the median hourly rate is $214, the rate for attorneys in the 75th percentile is $250, and the rate for attorneys in the 95th percentile is $350. *Id.* at 7. As for practice area, the median rate for civil rights attorneys is $230, the rate for attorneys in the 75th percentile is $325, and the rate for attorneys in the 95th percentile is $450. *Id.* at 10. Finally, for attorneys practicing in the Grand Rapids area, the median rate is $225, the rate for attorneys in the 75th percentile is $300, and the rate for attorneys in the 95th percentile is $420. *Id.* at 9.

The Court has also searched for but has found no ADA cases from this district addressing the issue of a reasonable hourly rate for an award of attorney fees. In a recent consumer law case, this Court found an hourly rate of $250 reasonable. *See Williams v. Delamar Car Co.*, No. 1:11-CV-

---

[2] Available at http://www.michbar.org/pmrc/articles/0000146.pdf (last visited Nov. 1, 2012).

26, 2011 WL 1811061, at *4 (W.D. Mich. May 12, 2011). The Court also notes that in an ADA case similar to the instant case, the Eastern District of Michigan found that an hourly rate of $325 per hour was reasonable for "experienced ADA attorneys in the Eastern District of Michigan." *Disabled Patriots of Am. v. Romulus Nights, Inc.*, No. Civ. A. 04CV60258DT, 2005 WL 3132206, at *2 (E.D. Mich. Nov. 22, 2005).

Based on the foregoing information, the Court concludes that $325 per hourly is a reasonable hourly rate for an experienced ADA attorney practicing in the Grand Rapids area. This rate is commensurate with rates for attorneys in the Grand Rapids area practicing civil rights law in general, is sufficient to attract competent counsel, and will not result in a windfall to Plaintiff's counsel. As for the paralegal rate, the Court concludes, based on its own experience in other cases, that the requested rate of $115 per hour is reasonable.

Turning to the reasonableness of hours, Mr. Monismith spent 23.5 hours on this matter, while the paralegal spent 2.6 hours. Having reviewed the time entries from the Mr. Monismith's billing statements, the Court finds that hours incurred were reasonable and necessary. Therefore, the Court will award Plaintiff $7,637.50 for Mr. Monismith's fees and $299.00 for the paralegal's fees, for a total of $7,836.50.

Plaintiff also seeks an award of costs in the amount of $483.12, for the filing fee, postage, and service fees. Such costs are authorized by both 28 U.S.C. § 1920 and 42 U.S.C. § 12205. *See LaMark v. Hicks*, No. 2:11-cv-1098, 2012 WL 3292398, at *1 (E.D. Cal. Aug. 13, 2012) (noting that although § 1920 allows for only specified costs, "the ADA appears to allow for a somewhat broader award of costs"). Therefore, the Court will award Plaintiff her requested costs.

Finally, Plaintiff requests reimbursement in the amount of $1,700.00 for expert witness services. Reasonable expert witness fees may be recovered pursuant to 42 U.S.C. § 12205. *See*

*Disabled Patriots of Am.*, 2005 WL 3132206, at *3. Based on its review of the expert report, the Court concludes that the $1,700.00 incurred for the expert's work is reasonable.

### *Conclusion*

In conclusion, the Court will grant Plaintiff's motion with regard to Defendant NRPV Inc. but deny it with regard to Defendant Navin Patel. The Court will grant Plaintiff injunctive relief and award her $7,836.50 in attorney fees, $438.12 in costs, and $1,700.00 in expert fees.

An Order and Judgment consistent with this Opinion will enter.


Dated: November 15, 2012                         /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE